UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| HERMAN REED, | | Case No. 3:13-cv-00426-MMD-WGC |
| | Petitioner, | ORDER |
| v. | | |
| ISIDRO BACA, et al., | | |
| | Respondents. | |

  This habeas matter comes before the Court for initial review under Rule 4 of the Rules Governing Section 2254 Cases. The filing fee has been paid.

  Under Local Rule LSR 3-1, petitioner must file the petition on the Court's required Section 2254 petition form. Petitioner must follow all instructions for the form, including the instruction that petitioner may present only one constitutional violation per ground.

  Petitioner did not follow this instruction in Ground 1 of the petition. Ground 1 of the petition initially appears to present a single ground alleging, *inter alia*, that petitioner was deprived of rights to due process, equal protection and a fair trial in violation of the Fifth and Fourteenth Amendments because the prohibition against possession of a firearm by an unlawful user of a controlled substance in N.R.S. 202.360(c) allegedly is unconstitutionally vague because it does not define the phrase "unlawful user." The first handwritten page of the ground and the following five pages – from what appears to be a copy of a direct appeal brief – present this claim and/or associated claims. However, petitioner continues thereafter with the remaining approximately twenty (20) pages of

the direct appeal brief, which sets forth an additional seven (7) distinct alleged constitutional violations, such as a claim challenging the sufficiency of the evidence at trial.

Petitioner may not simply present all of his direct appeal claims as a single ground in the federal petition. He instead must allege each separate constitutional violation in a separate ground. If it indeed is petitioner's intent to present all eight (8) claims of error raised on direct appeal as a basis for federal habeas relief, he must present each such claim of error in a separate ground in the federal petition. It is acceptable for petitioner to write out the first part of a ground in the federal petition and then attach a copy of pages from the direct appeal brief to state the remainder of the single ground, as petitioner did initially for the first alleged constitutional violation in Ground 1.[1] However, again, petitioner may not simply attach a copy of his direct appeal brief to present one combined *in globo* ground in the petition.

The form in which the claims of ineffective assistance of counsel in current Ground 2 are alleged is permissible. A petitioner may set forth multiple claims of ineffective assistance of counsel as lettered subparts of a single ground. A petitioner may not, however, combine multiple claims of substantive trial court error – such as the multiple claims of error raised in the direct appeal brief attached with current Ground 1 – within a single ground.

Petitioner therefore will be directed to file an amended petition in the proper form.

Petitioner further did not follow the instruction on page 1 of the petition form to attach copies of all written state court decisions regarding his conviction. The Court will

---

[1] The Court is speaking only to permissible form and manner of presentation, not to whether a particular set of allegations states a claim upon which relief may be granted. Petitioner must present his petition in the proper form before it will be screened for issues such as whether the allegations presented state a claim upon which relief may be granted. The Court, in particular, makes no implicit holding herein that all eight (8) of the claims raised on direct appeal presented a claim of federal constitutional error. A claim of state law error, in and of itself, does not present a viable basis for federal habeas relief.

direct petitioner to file copies of these decisions along with additional state court record materials pertinent to initial review.

IT IS THEREFORE ORDERED that, within thirty (30) days of entry of this order, petitioner shall file an amended petition on the Court's required Section 2254 petition form correcting the deficiencies identified herein.

IT IS FURTHER ORDERED that petitioner shall clearly title the amended petition as an amended petition by placing the word "AMENDED" immediately above "Petition for a Writ of Habeas Corpus" on page 1 in the caption and shall place the docket number, 3:13-cv-00426-MMD-WGC, above the word "AMENDED." Under Local Rule LR 15-1, the amended petition must be complete in itself without reference to previously filed papers. Thus, the claims and allegations that are stated in the amended petition will be the only matters remaining before the Court. Any claims or allegations that are left out of the amended petition or that are not re-alleged therein no longer will be before the Court.

IT IS FURTHER ORDERED that petitioner shall attach with the amended petition copies of: (a) the briefs filed by his counsel on direct appeal and any other papers accepted for filing by the Supreme Court of Nevada presenting his claims on direct appeal; (b) the order of affirmance on his direct appeal; (c) his state court post-conviction petition and any other papers filed in the state district court presenting his claims on state post-conviction review; (d) the state district court's written decision on his petition; (e) any papers accepted for filing by the Supreme Court of Nevada presenting his claims in that court on post-conviction review; and (f) the order of affirmance on his state post-conviction appeal.

The Clerk of Court shall send petitioner two (2) copies of a noncapital Section 2254 petition form along with one (1) copy each of the instructions and the original petition.

///

///

This action will be dismissed without further advance notice if petitioner fails to both fully and timely comply with this order.

DATED THIS 13th day of August 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE