UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| HERMAN REED,<br><br>       Petitioner,<br>v.<br><br>ISIDRO BACA, et al.,<br><br>       Respondents. | Case No. 3:13-cv-00426-MMD-WGC<br><br>ORDER |

This habeas matter comes before the Court on plaintiff's motion for appointment of counsel (dkt. no. 7) and his accompanying pauper application (dkt. no. 6) as well as for initial review of the amended petition (dkt. no. 5). The filing fee has been paid.

Petitioner's motion for appointment of counsel will be denied.

The Sixth Amendment right to counsel does not apply in habeas corpus actions. See *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a financially eligible petitioner whenever "the court determines that the interests of justice so require." The decision to appoint counsel lies within the discretion of the court; and, absent an order for an evidentiary hearing, appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent a due process violation. See, e.g., *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986); *Eskridge v. Rhay*, 345 F.2d 778, 782 (9th Cir.1965).

The Court does not find that the interests of justice require that counsel be appointed in this case. While petitioner presents a number of claims, he has demonstrated an adequate ability in his pleadings to articulate his claims *pro se* with the resources available to him. From a preliminary review, it does not appear at this juncture that an evidentiary hearing necessarily will be required as to either the merits or a procedural defense. Moreover, while petitioner refers to *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), it does not appear from a preliminary review that petitioner presents any claims of ineffective assistance of counsel that were held to be procedurally defaulted by the state courts. *Martinez* pertains to circumstances under which a petitioner can establish cause and prejudice to overcome a procedural default. It does not require either appointment of federal habeas counsel or a federal evidentiary hearing in every case where counsel was not appointed on state post-conviction review. Nor does petitioner's sentence structure otherwise weigh heavily in favor of appointing counsel either in isolation or in conjunction with the remaining factors.[1] While almost any lay litigant perhaps would be better served by the appointment of counsel, that is not the standard for appointment. The motion therefore will be denied.

The pauper application will be denied without prejudice as moot. The filing fee has been paid, and the Court is denying the motion for appointment of counsel on grounds other than financial ineligibility. The pauper application in any event was not properly completed because petitioner did not attach a copy of his inmate account statement for the past six months, in addition to the financial certificate.

Following upon the Court's initial review, service for a response will be directed.

It is therefore ordered that petitioner's motion for appointment of counsel (dkt. no. 7) is denied and that his application to proceed *in forma pauperis* (dkt. no. 6) is denied as moot.

///

---

[1] Petitioner was sentenced on July 29, 2010, to 48 to 120 months and a consecutive sentence of 28 to 70 months, with 117 days credit for time served.

It is further ordered that the Clerk of Court shall make informal electronic service of this order and the amended petition upon the Nevada Attorney General as per the Clerk's current practice and that the Clerk shall regenerate notices of electronic filing to the Attorney General for all other prior filings herein.

It is further ordered that, given the large number of claims presented, respondents shall have ninety (90) days from entry of this order within which to respond, including potentially by motion to dismiss, to the amended petition. Any response filed shall comply with the remaining provisions below, which are tailored to this particular case based upon the Court's screening of the matter.

It is further ordered that any procedural defenses raised by respondents in this case shall be raised together in a single consolidated motion to dismiss. In other words, the Court does not wish to address any procedural defenses raised herein either in *seriatum* fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents shall not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they shall do so within the single motion to dismiss, not in the answer; and (b) they shall specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, shall be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

It is further ordered that, in any answer filed on the merits, respondents shall specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

///

///

It is further ordered that respondents shall file a set of state court record exhibits relevant to the response filed to the petition, in chronological order and indexed as discussed, *infra*.

It is further ordered that all state court record exhibits filed herein shall be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed further shall be identified by the number or numbers of the exhibits in the attachment, in the same manner as in No. 3:06-cv-00087-ECR-VPC, ## 25-71. The purpose of this provision is so that the Court and any reviewing court thereafter will be able to quickly determine from the face of the electronic docket sheet which numbered exhibits are filed in which attachments.

It is further ordered that counsel additionally shall send a hard copy of all exhibits filed, for this case, to the Reno Clerk's Office.

It is further ordered that petitioner shall have thirty (30) days from service of the answer, motion to dismiss, or other response to mail a reply or response to the Clerk of Court for filing.

It is further ordered that, henceforth, petitioner shall serve upon respondents or, if an appearance has been entered by counsel, upon the individual deputy attorney general identified in the notice of appearance, at the address stated therein, a copy of every pleading, motion or other document submitted for consideration by the Court. Petitioner shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to respondents or counsel for respondents. The Court may disregard any paper received by a district judge or magistrate judge which has not been filed with the Clerk, and any paper received by a district judge, magistrate judge or the Clerk that fails to include an appropriate certificate of service.

///
///
///

1 |       It is further ordered that all requests for relief must be presented by a motion
2 | satisfying the requirements of Rule 7(b) of the Federal Rules of Civil Procedure. The
3 | Court and the Clerk do not respond to letters and do not take action based upon letters.

DATED THIS 2nd day of June 2014.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE