UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HERMAN REED, | Case No. 3:13-cv-00426-MMD-WGC |
| Petitioner, | ORDER |
| v. | |
| ISIDRO BACA, et al., | |
| Respondents. | |

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Before the Court is respondents' motion to partially dismiss. (Dkt. no. 10.) Petitioner has opposed the motion (dkt. no. 14), and respondents have replied (dkt. no. 15).

**I.  PROCEDURAL HISTORY AND BACKGROUND**

On October 7, 2009, petitioner Herman Reed ("petitioner") was convicted pursuant to jury verdicts of count 1: unlawful possession of a firearm; count 2: possession of stolen property; and count 3: possession of a firearm by ex-felon (exhibits to motion to dismiss, dkt. no. 10, Exh. 22). Counts 1 and 3 were charged under the same statute, and the court granted the State's motion to dismiss count 1. (Exh. 30.) On January 22, 2010, petitioner was sentenced to forty-eight to one hundred twenty months on count 2 and a consecutive sentence of twenty-eight to seventy months on count 3. (Exh. 30.) The judgment of conviction was entered on February 8, 2010. (Exh. 31.)

Petitioner appealed, and the Nevada Supreme Court affirmed his convictions on April 11, 2012. (Exh. 42.) Remittitur issued on May 7, 2012. (Exh. 43.)

On June 11, 2012, petitioner filed his state postconviction petition for writ of habeas corpus. (Exh. 44.) The Nevada Supreme Court affirmed the state district court's denial of the petition on June 12, 2013, denied a petition for rehearing on June 25, 2013, and remittitur issued on August 21, 2013. (Exhs. 54, 56, 57.)

Petitioner dispatched this federal petition for writ of habeas corpus on August 5, 2013. (Dkt. no. 2.) Pursuant to this Court's order, petitioner filed an amended petition on September 5, 2013. (Dkt. no. 5.) Respondents argue that the petition should be dismissed because several grounds are unexhausted and/or are not cognizable in federal habeas corpus.

## II.  LEGAL STANDARDS

### A.  Exhaustion

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999); see also *Duncan v. Henry,* 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore,* 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey,* 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the

prisoner's federal rights. *Duncan v. Henry,* 513 U.S. 364, 365 (1995); s*ee Hiivala v. Wood,* 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy,* 455 U.S. at 520). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted). However, citation to state caselaw that applies federal constitutional principles will suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. Of Corrections,* 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner,* 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner,* 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff,* 582 F. Supp. 455, 458 (D. Nev. 1984).

**B.   Failure to State a Claim Cognizable in Federal Habeas Corpus**

A state prisoner is entitled to federal habeas relief only if he is being held in custody in violation of the constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a). Unless an issue of federal constitutional or statutory law is implicated by the facts presented, the claim is not cognizable under federal habeas corpus. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). A petitioner may not transform a state-law issue into a federal one merely by asserting a violation of due process. *Langford v. Day*, 110 F.3d 1380, 1381 (9th Cir. 1996). Alleged errors in the interpretation or application of state law do not warrant habeas relief. *Hubbart v. Knapp*, 379 F.3d 773, 779-80 (9th Cir. 2004).

## III. RELEVANT GROUNDS IN INSTANT PETITION

Petitioner sets forth ten grounds for relief in his amended petition. (Dkt. no. 5 at 3-64.) Respondents argue that grounds 2, 5 and 6 are unexhausted, grounds 1 and 2 are not cognizable in federal habeas corpus and ground 7 is barred by *Stone v. Powell*, 428 U.S. 465 (1976). (Dkt. no. 10 at 10-15.)

### A. Grounds 1 and 2

Grounds 1 and 2 of the federal petition relate to NRS § 202.360(c). In ground 1, petitioner contends that NRS § 202.360(c), which criminalizes the possession of a firearm by a drug user and/or addict, is unconstitutionally vague. (Dkt. no. 5 at 3-7.) He also claims that his conviction for ex-felon in possession of a firearm violated his Fifth and Fourteenth Amendment rights to due process, equal protection and a fair trial because it was predicated on his conviction under the unconstitutionally vague NRS § 202.360(c). (*Id.* at 3.) In ground 2, petitioner alleges that his conviction and sentence pursuant to NRS § 202.360(c) violates his Eighth Amendment right to be free from cruel and usual punishment and his Fourteenth Amendment due process and equal protection rights because it criminalizes narcotics addiction. (Dkt. no. 5 at. 9-10.)

Respondents argue that grounds 1 and 2 are not cognizable federal habeas claims here because count 1 — violation of NRS § 202.360(c) — was dismissed. (Dkt. no. 10 at 13-14.) As set forth above, this Court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he [or she] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. "[T]he traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).

Here, count 1 — possession of a firearm by a person who is an unlawful user of, or addicted to, any controlled substance (NRS § 202.360(c) — was dismissed. The state district court entered judgment against petitioner and sentenced him only on counts 2 and 3. Thus, a successful challenge to the constitutionality of NRS §

4

202.360(c) would not affect the fact or duration of petitioner's confinement. Accordingly, grounds 1 and 2 must be dismissed as noncognizable in federal habeas proceedings.

### B. Ground 5

In ground 5 of the federal petition, petitioner alleges that the trial court erred by refusing to dismiss or at least sever the unlawful possession of a firearm charge from the other charged crimes in violation of his Fifth and Fourteenth Amendment rights to due process, equal protection and a fair trial. (Dkt. no. 5 at 21-23.)

Respondents argue that petitioner presented this issue to the Nevada Supreme Court in his direct appeal solely as a matter of state law, and therefore, it is unexhausted. (Dkt. no. 10 at 10-12.) In petitioner's amended direct appellate brief, he argued that, under *Zana v. State*, 216 P.3d 244, 249 (Nev. 2009), the trial court erred by refusing to dismiss or at minimum sever the unlawful possession of firearm charge from the other charged crimes. (Exh. 39 at 27-29.)

This Court agrees that the claim that petitioner presented on direct appeal was that the trial court erred under state law. Petitioner cited only state statute and the state supreme court decision of *Zana* in support of his claim on direct appeal. (Exh. 39 at 28.) In *Zana*, the Nevada Supreme Court cites to *Robinson v. United States*, 459 F.2d 847 (D.C. Cir. 1972). *Zana*, 216 P.3d at 249. However, having reviewed the cases, this Court concludes that the references to *Robinson* do not constitute citation to state caselaw that applies federal constitutional principles so as to satisfy the exhaustion inquiry here. *Peterson*, 319 F.3d at 1158. Accordingly, ground 5 is unexhausted.

### C. Ground 6

In ground 6 of the federal petition, petitioner claims that his Fifth and Fourteenth Amendment rights to due process, equal protection and a fair trial were violated when the trial court permitted police officers to proffer improper expert testimony. (Dkt. no. 5 at 25-31.) Petitioner contends that the officers lacked expert qualifications and the prosecution did not provide the requisite notice to the defense of expert testimony. (*Id.* at 25.)

Respondents point out that petitioner presented this claim to the Nevada Supreme Court on direct appeal only as a matter of an error of state law. (Dkt. no. 10 at 12-13; Exh. 39 at 29-33.) The Court agrees. The amended appellate brief makes no reference to federal constitutional guarantees in the claim that corresponds to federal ground 6. Accordingly, ground 6 is unexhausted.[1]

### D.     Ground 7

In ground 7 of the federal petition, petitioner claims that the trial court denied the motion to suppress evidence gained in the illegal search of his car in violation of his Fourth Amendment right to be free from unreasonable search and seizure and his Fourteenth Amendment right to a fair trial. (Dkt. no. 5 at 33-42.)

Respondents contend that ground 7 is barred by *Stone v. Powell.* (Dkt. no. 10 at 14-15.) In *Stone*, the United States Supreme Court held that allegations of violations of a petitioner's Fourth Amendment rights are not cognizable in federal habeas corpus actions provided that the petitioner has a "full and fair" opportunity to litigate these claims in state court. *Stone v. Powell*, 428 U.S. at 481; *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 899 (9th Cir. 1996). The relevant inquiry is whether the petitioner had the opportunity to litigate his claim, not whether he did in fact do so or even whether the claim was correctly decided. *Id.* A petitioner seeking habeas relief based on a state court's failure to exclude evidence on Fourth Amendment grounds must affirmatively demonstrate that the state court did not afford him an adequate opportunity to litigate his Fourth Amendment claims. *Woolery v. Arave*, 8 F.3d 1325, 1326 (9th Cir. 1993).

Petitioner asserts that he did not have a full and fair opportunity to litigate his Fourth Amendment claims because, while he acknowledges that his counsel filed a motion to suppress, he and his trial counsel disagreed on what arguments to raise in the motion. (Dkt. no. 5 at 40-41.) However, the record reflects that petitioner's counsel filed a motion to suppress the evidence discovered in the trunk of the car. (*Id.* at 89-94.) The

---

[1] The Court notes that in petitioner's counseled, amended appellate brief, several claims are expressly brought under the federal Constitution. (Exh. 39 at 7-27, 33-42.)

6

state district court denied the motion. (Exh. 14 at 5-7.) Petitioner raised the issue on direct appeal in his counseled, amended opening brief. (Exh. 3 at 33-38.) The Nevada Supreme Court considered the issue in its opinion and denied relief, affirming petitioner's conviction. (Exh. 42 at 4-5.)  Thus, the Fourth Amendment claim raised here as ground 7 of the federal petition was fully litigated in the state court below. Because petitioner had the opportunity to fully and fairly litigate the Fourth Amendment claim that he now presents in ground 7 in his federal habeas petition, this Court is precluded from reviewing that claim and it will be dismissed. *See Stone v. Powell*, 428 U.S. at 495.

### IV.  PETITIONER'S OPTIONS REGARDING UNEXHAUSTED CLAIMS

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition. *Rose v. Lundy*, 455 U.S. at 510. A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal. *Id.* In the instant case, the Court finds (1) that grounds 1 and 2 are dismissed as noncognizable in federal habeas proceedings; (2) ground 7 is dismissed as noncognizable on federal habeas review pursuant to *Stone v. Powell*; and that grounds 5 and 6 are unexhausted. Respondents did not challenge any other grounds as subject to dismissal. Thus the petition is a "mixed petition," containing both exhausted and unexhausted claims, and therefore, petitioner has these options:

1.  He may submit a sworn declaration voluntarily abandoning the unexhausted claims in his federal habeas petition, and proceed only on the remaining exhausted claims;

2.  He may return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice; or

3.  He may file a motion asking this court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claims.

With respect to the third option, a district court has discretion to stay a petition that it may validly consider on the merits. *Rhines v. Weber*, 544 U.S. 269, 276 (2005).

///

The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277. Thus the Court held that it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *Id.* at 278.

## V.    CONCLUSION

It is therefore ordered that respondents' motion to partially dismiss the petition (dkt. no. 10) is granted as follows:

   1.   Grounds 1, 2, and 7 are dismissed as noncognizable in federal habeas proceedings.

   2.   Grounds 5 and 6 are unexhausted.

It is further ordered that petitioner shall have thirty (30) days to either: (1) inform this Court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted ground; or (2) inform this Court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claims; or (3) file a motion for a stay and abeyance, asking this Court to hold his exhausted claim in abeyance while he returns to state court to exhaust his unexhausted claims. If petitioner chooses to file a motion for a stay and abeyance, or seek other appropriate relief, respondents may respond to such motion as provided in Local Rule 7-2.

It is further ordered that if petitioner elects to abandon his unexhausted grounds, respondents shall have thirty (30) days from the date petitioner serves his declaration of abandonment in which to file an answer to petitioner's remaining grounds for relief. The answer shall contain all substantive and procedural arguments as to all surviving grounds of the petition, and shall comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

It is further ordered that petitioner shall have thirty (30) days following service of respondents' answer in which to file a reply.

It is further ordered that if petitioner fails to respond to this order within the time permitted, this case may be dismissed.

It is further ordered that any additional state court record exhibits filed herein by either petitioner or respondents shall be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed further shall be identified by the number or numbers of the exhibits in the attachment. The hard copy of any additional state court record exhibits shall be forwarded — for this case — to the staff attorneys in Reno.

It is further ordered that petitioner's motion to extend time to oppose the motion to partially dismiss (dkt. no. 13) is granted *nunc pro tunc*.

DATED THIS 24th day of June 2015.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE