UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| HERMAN REED,<br><br>      Petitioner,<br> v.<br><br>ISIDRO BACA, *et al.*,<br><br>      Respondents. | Case No. 3:13-cv-00426-MMD-WGC<br><br>ORDER |

This *pro se* first-amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 by state prisoner Herman Reed is before the court for final disposition on the merits. (ECF No. 5.) Respondents have answered the petition. (ECF No. 20.) Reed did not file a reply.

**I. PROCEDURAL HISTORY AND BACKGROUND**

On October 7, 2009, Reed was convicted of three counts stemming from his arrest during a traffic stop (exhibit 22 to respondents' motion to dismiss).[1] When the police officer smelled marijuana, he asked Reed if he could search the vehicle, Reed consented; the officer found a green leafy substance on the floor in the back of the car and a loaded firearm in the trunk. Reed told the officer that he had purchased the gun from a guy behind a gas station and that it was likely stolen. A jury convicted Reed of count 1: unlawful possession of a firearm; count 2: possession of stolen property; and count 3: possession of a firearm by ex-felon. (Exh. 22.) Counts 1 and 3 were charged under the same statute,

---

[1] Exhibits referenced in this order are exhibits to respondents' motion to dismiss, ECF No. 10.

and the court granted the State's motion to dismiss count 1. (Exh. 30.) On January 22, 2010, petitioner was sentenced to forty-eight to one hundred twenty months on count 2 and a consecutive sentence of twenty-eight to seventy months on count 3. (Exh. 30.) The judgment of conviction was entered on February 8, 2010. (Exh. 31.)

The Nevada Supreme Court affirmed Reed's convictions on April 11, 2012. (Exh. 42.) Remittitur issued on May 7, 2012. (Exh. 43.) The Nevada Supreme Court affirmed the state district court's denial of Reed's state postconviction petition for writ of habeas corpus on June 12, 2013, denied a petition for rehearing on June 25, 2013, and remittitur issued on August 21, 2013. (Exhs. 54, 56, 57.)

On June 24, 2015, this Court granted respondents' motion to dismiss several grounds in Reed's federal petition for writ of habeas corpus. (ECF No. 16.) Respondents have now answered the remaining grounds.

## II. LEGAL STANDARDS

28 U.S.C. § 2254(d), a provision of the Antiterrorism and Effective Death Penalty Act (AEDPA), provides the legal standards for this court's consideration of the petition in this case:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693-694 (2002). This Court's ability to grant a writ is limited to cases where "there is no possibility fair-minded jurists could disagree that the state court's decision conflicts with

[Supreme Court] precedents." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)); *see also Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (describing the AEDPA standard as "a difficult to meet and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt") (internal quotation marks and citations omitted).

A state court decision is contrary to clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254, "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Supreme Court's] precedent." *Lockyer*, 538 U.S. at 73 (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000), and citing *Bell*, 535 U.S. at 694.

A state court decision is an unreasonable application of clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254(d), "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer*, 538 U.S. at 74 (quoting *Williams*, 529 U.S. at 413). The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous; the state court's application of clearly established law must be objectively unreasonable. *Id.* (quoting *Williams*, 529 U.S. at 409).

To the extent that the state court's factual findings are challenged, the "unreasonable determination of fact" clause of § 2254(d)(2) controls on federal habeas review. *E.g., Lambert v. Blodgett*, 393 F.3d 943, 972 (9th Cir.2004). This clause requires that the federal courts "must be particularly deferential" to state court factual determinations. *Id.* The governing standard is not satisfied by a showing merely that the
///

state court finding was "clearly erroneous." 393 F.3d at 973. Rather, AEDPA requires substantially more deference:

> . . . [I]n concluding that a state-court finding is unsupported by substantial evidence in the state-court record, it is not enough that we would reverse in similar circumstances if this were an appeal from a district court decision. Rather, we must be convinced that an appellate panel, applying the normal standards of appellate review, could not reasonably conclude that the finding is supported by the record.

*Taylor v. Maddox*, 366 F.3d 992, 1000 (9th Cir.2004); *see also Lambert*, 393 F.3d at 972.

Under 28 U.S.C. § 2254(e)(1), state court factual findings are presumed to be correct unless rebutted by clear and convincing evidence. The petitioner bears the burden of proving by a preponderance of the evidence that he is entitled to habeas relief. *Cullen*, 563 U.S. at 181.

### III. INSTANT PETITION

#### A. Ground 3

Reed asserts that his Fourteenth Amendment due process rights were violated because the State failed to present sufficient evidence to support his conviction pursuant to NRS § 202.360(1)(c)[2] of possession of a firearm by a person who is an unlawful user of, or addicted to, any controlled substance. (ECF No. 5, pp. 12-14.) However, Reed was not charged, convicted of, or sentenced for a violation of NRS § 202.360(1). Relief on this claim would not affect the fact of his convictions or affect his sentences in any way. Accordingly, ground 3 is meritless and moot. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Ground 3 is, therefore, denied.

#### B. Ground 4

Reed alleges a federal double jeopardy violation on the basis that "convictions for ex-felon in possession of a firearm, and possession of stolen property (handgun), violate double jeopardy and redundancy principles." (ECF No. 5 at 16.)

To determine whether two offenses are the "same" for double jeopardy purposes, a court must consider "whether each offense contains an element not contained in the

---

[2]This statutory offense is currently codified as NRS § 202.360(1)(d).

4

other; if not, they are the 'same offense' and double jeopardy bars additional punishment and successive prosecution." *United States v. Dixon*, 509 U.S. 688, 696 (1993) (citing *Blockburger v. United States*, 284 U.S. 299, 304 (1932)). "Conversely, '[d]ouble jeopardy is not implicated so long as each violation requires proof of an element which the other does not.'" *Wilson v. Belleque*, 554 F.3d 816, 829 (9th Cir. 2009) (quoting *United States v. Vargas-Castillo*, 329 F.3d 715, 720 (9th Cir. 2003). "'If each [offense] requires proof of a fact that the other does not, the *Blockburger* test is satisfied, notwithstanding a substantial overlap in the proof offered to establish the crimes.'" *Id.* (quoting *Iannelli v. United States*, 420 U.S. 770, 785-86 n.17 (1975).

In affirming the denial of this claim, the Nevada Supreme Court set forth the *Blockburger* test. (Exh. 42.) The Nevada Supreme Court also stated that NRS § 202.360(1)(a) (possession of a firearm by a felon) requires the State to prove that the defendant (1) possessed a firearm and (2) has an unpardoned felony conviction; while NRS § 205.275(2)(c) (possession of stolen property) requires the State to prove that the defendant (1) buys, possesses, or withholds property and (2) knows or reasonably should know under the circumstances that the property is stolen. The state supreme court then pointed out that the State could have proven that Reed was a felon in possession of a firearm without proving that Reed possessed the handgun knowing that it was stolen and that the statutes codifying these crimes were directed to combat distinct and separate social harms; thus "simultaneous punishment for both crimes comports with legislative intent and the convictions are not redundant." (*Id.*)

As set forth above, the offenses of possession of a firearm by a felon and possession of stolen property in Nevada each contain an element not contained in the other offense. Thus, petitioner has failed to demonstrate that the Nevada Supreme Court's decision was contrary to, or involved an unreasonable application of, federal law established by the United States Supreme Court. 28 U.S.C. § 2254(d). Accordingly, ground 4 is denied.

///

**C.    Ground 8**

Reed contends that the district court erred in admitting at trial his involuntary statements in violation of his Sixth Amendment rights. (ECF No. 5 at 44.)

In *Miranda v. Arizona*, the United States Supreme Court held that any person who is subjected to a custodial interrogation must first be informed of his or her Fifth Amendment right to remain silent and must knowingly, voluntarily, and intelligently waive those rights in order for any statement to be rendered admissible at trial. 384 U.S. 436 (1966). The State must prove by a preponderance of the evidence that a defendant waived his rights under *Miranda*. *Colorado v. Connelly*, 479 U.S. 157, 168 (1986).

The Nevada Supreme Court rejected this claim on direct appeal:

> Reed contends that the district court erred in failing to suppress his statement admitting that the firearm was likely stolen because he did not knowingly or voluntarily waive his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966). In his motion to suppress, Reed only claimed that his waiver was invalid because he was extremely intoxicated. On appeal, Reed abandons this theory and expands his argument, asserting that he is not "of high intelligence" and that the general environment of the traffic stop was prohibitively coercive. As Reed failed to raise these grounds in the district court, his claim is precluded. *See Rippo v. State*, 113 Nev. 1239, 1259, 946 P.2d 1017, 1030 (1997). Additionally, these claims are belied by the record and we therefore discern no plain error. *See* NRS 178.602 ("Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.").

The arresting officer testified at trial to the following: after he discovered the firearm in the trunk, he placed Reed in handcuffs. (Exh. 38 at 280.) The officer read Reed his *Miranda* rights. Reed indicated that he understood his rights and agreed to talk to the officer. Reed told the officer that he bought the gun about a month earlier from a guy named Larry behind the Arco station for $35. He said he did not know where the Arco station was, he figured that Larry sold it for $35 because he had either found it or stolen it, and Reed said that he had bought the gun in order to turn it in to the police. (*Id.* at 280-281.)

The record also reflects that the officer testified in the same manner at a hearing on a defense motion to suppress the statements on the basis that Reed was under the influence of marijuana and not able to give consent. (Exh. 19.) The state district court denied the motion. *Id.*

6

Reed points to nothing in the state-court record that suggests that he was not able to give consent because he was under the influence or that — as he now argues —he failed to understand the questions because he lacked the intelligence or sufficient education. Reed has, therefore, failed to demonstrate that the Nevada Supreme Court's decision was contrary to, or involved an unreasonable application of, federal law established by the United States Supreme Court. 28 U.S.C. § 2254(d). Accordingly, ground 8 is denied.

### D.     Ground 9

Reed argues that the cumulative effect of trial errors violated his Fourteenth Amendment fair trial rights. (ECF No. 5 at 51.) The Nevada Supreme Court rejected all of Reed's claims of trial error on direct appeal, and therefore also concluded that Reed's cumulative error claim lacked merit. (Exh. 42.) Reed has not identified constitutional trial errors, and therefore, he has failed to demonstrate that the Nevada Supreme Court's decision was contrary to, or involved an unreasonable application of, federal law established by the United States Supreme Court. 28 U.S.C. § 2254(d). Ground 9, therefore, is denied.

### E.     Ground 10

Reed claims that trial counsel rendered ineffective assistance in several ways in violation of his Sixth and Fourteenth Amendment rights. (ECF No. 5 at 54-62.)

Ineffective assistance of counsel claims are governed by the two-part test announced in *Strickland v. Washington*, 466 U.S. 668 (1984). In *Strickland*, the Supreme Court held that a petitioner claiming ineffective assistance of counsel has the burden of demonstrating that (1) the attorney made errors so serious that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment, and (2) that the deficient performance prejudiced the defense. *Williams*, 529 U.S. at 390-91 (citing *Strickland*, 466 U.S. at 687). To establish ineffectiveness, the defendant must show that counsel's representation fell below an objective standard of reasonableness. *Id*. To establish prejudice, the defendant must show that there is a reasonable probability that,

but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* A reasonable probability is "probability sufficient to undermine confidence in the outcome." *Id.* Additionally, any review of the attorney's performance must be "highly deferential" and must adopt counsel's perspective at the time of the challenged conduct, in order to avoid the distorting effects of hindsight. *Strickland*, 466 U.S. at 689. It is the petitioner's burden to overcome the presumption that counsel's actions might be considered sound trial strategy. *Id.*

Ineffective assistance of counsel under *Strickland* requires a showing of deficient performance of counsel resulting in prejudice, "with performance being measured against an objective standard of reasonableness, . . . under prevailing professional norms." *Rompilla v. Beard*, 545 U.S. 374, 380 (2005) (internal quotations and citations omitted). When the ineffective assistance of counsel claim is based on a challenge to a guilty plea, the *Strickland* prejudice prong requires a petitioner to demonstrate "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

If the state court has already rejected an ineffective assistance claim, a federal habeas court may only grant relief if that decision was contrary to, or an unreasonable application of, the *Strickland* standard. *See Yarborough v. Gentry*, 540 U.S. 1, 5 (2003). There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.*

The United States Supreme Court has described federal review of a state supreme court's decision on a claim of ineffective assistance of counsel as "doubly deferential." *Cullen*, 563 U.S. at 190 (quoting *Knowles v. Mirzayance*, 129 S.Ct. 1411, 1413 (2009)). The Supreme Court emphasized that: "We take a 'highly deferential' look at counsel's performance . . . through the 'deferential lens of § 2254(d).'" *Id.* at 1403 (internal citations omitted). Moreover, federal habeas review of an ineffective assistance of counsel claim is limited to the record before the state court that adjudicated the claim on the merits. *Cullen*, 563 U.S. at 181-84. The United States Supreme Court has specifically reaffirmed

8

the extensive deference owed to a state court's decision regarding claims of ineffective assistance of counsel:

> Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both "highly deferential," *id.* at 689, 104 S.Ct. 2052; *Lindh v. Murphy*, 521 U.S. 320, 333, n.7, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), and when the two apply in tandem, review is "doubly" so, *Knowles*, 556 U.S. at ——, 129 S.Ct. at 1420. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. 556 U.S. at ——, 129 S.Ct. at 1420. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard.

*Harrington*, 562 U.S. at 105. "A court considering a claim of ineffective assistance of counsel must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." *Id.* at 104 (quoting *Strickland*, 466 U.S. at 689). "The question is whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom." *Id.* (internal quotations and citations and quotations omitted).

As ground 10(A) Reed claims that trial counsel failed to adequately communicate with him, and in ground 10(B) he argues that counsel failed to investigate Reed's claim that he did not consent to the search of his vehicle and that police planted marijuana and a stolen firearm in his car. (ECF No. 5 at. 54-55.)

The Nevada Supreme Court affirmed the denial of these claims, stating that Reed failed to demonstrate prejudice "as he did not explain how further communication or investigation would have helped with his defense or changed the outcome of the trial. (Exh. 54 at 2.)

This Court agrees that Reed has failed to state what evidence would have been obtained by additional investigations or additional meetings with counsel and how the outcome of his trial would have changed.

///

9

Relatedly, Reed argues in ground 10(D) that trial counsel failed to present his "defense of choice" at trial. (ECF No. 5 at 59.) The Nevada Supreme Court concluded that this claim was belied by the record because at trial defense counsel advanced Reed's "defense of choice" when counsel challenged the police officers' testimony about the traffic stop and search and seizure and argued that the officers were not telling the truth and that Reed did not consent to the search. (Exh. 54 at 3.)

In ground 10(C) Reed contends that trial counsel failed to adequately litigate the motion to suppress the evidence. (ECF No. 5 at 56.) The Nevada Supreme Court observed that two police officers testified that Reed consented to a search of his car during a routine traffic stop and that they found marijuana and a firearm in the vehicle. (Exh. 54 at 2.) The state supreme court therefore reasoned that "in light of this testimony, appellant failed to demonstrate a reasonable probability that the evidence would have been suppressed had counsel argued that the search was non-consensual and that the evidence was planted by police." (*Id.*)

As ground 10(E) Reed asserts that trial counsel failed to object to the admission of evidence seized from Reed's vehicle. (ECF No. 5 at 60.) The Nevada Supreme Court pointed out that the district court made a pretrial ruling that the evidence was admissible at trial and that "[c]ounsel cannot be deemed ineffective for failing to make a futile objection or motion." (Exh. 54 at 3; pretrial hearing, Exh. 14 at 6-8.)

Related to all of the above ineffective assistance claims, the trial record reflects that defense counsel cross-examined the two police officers involved in the traffic stop regarding: the failure to field test the marijuana found; failure to fingerprint or DNA test the gun found in Reed's vehicle; failure to photograph the fact that Reed's license plate light was not working; failure to record Reed's statements; failure to document the fact that Reed's demeanor changed during the course of the investigation; and the failure to get Reed's consent to the search in writing. (Exh. 20 at 53-54; Exh. 21 at 12.) Defense counsel argued during closing that the officers were not telling the truth and that one officer had planted the evidence. (Exh. 21 at 17.)

In ground 10(F) Reed argues that trial counsel failed to object to the State's introduction of hearsay in the form of Reed's admissions to law enforcement. (ECF No. 5 at 61.) The Nevada Supreme Court reasoned that, as Reed's statement was not hearsay, Reed failed to demonstrate that his counsel's performance was deficient or that he was prejudiced. (Exh. 54 at 3; *see* NRS 51.035(3)(a).)

Reed claims in ground 10(G) that counsel had a conflict of interest on the basis that counsel failed to investigate and litigate claims and issues, failed to lodge objections at trial, and failed to prepare Reed to testify. (ECF No. 5 at 61-62.) The Nevada Supreme Court pointed out that as this claim was based entirely on Reed's other claims of ineffective assistance, as set forth above, that Reed therefore failed to show an actual conflict of interest. (Exh. 54 at 3.)

Reed has failed to demonstrate that the Nevada Supreme Court's decision on any of the ineffective assistance of counsel claims in federal ground 10 was contrary to, or involved an unreasonable application of, *Strickland*. 28 U.S.C. § 2254(d). Accordingly, ground 10 is denied.

The petition is therefore denied it its entirety.

## IV.    CERTIFICATE OF APPEALABILITY

This is a final order adverse to the petitioner. As such, Rule 11 of the Rules Governing Section 2254 Cases requires this Court to issue or deny a certificate of appealability (COA). Accordingly, the Court has *sua sponte* evaluated the claims within the petition for suitability for the issuance of a COA. *See* 28 U.S.C. § 2253(c); *Turner v. Calderon*, 281 F.3d 851, 864-65 (9th Cir. 2002).

Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." With respect to claims rejected on the merits, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). For procedural rulings, a COA will issue only if reasonable jurists could debate

(1) whether the petition states a valid claim of the denial of a constitutional right and (2) whether the court's procedural ruling was correct. *Id.*

Having reviewed its determinations and rulings in adjudicating Reed's petition, the Court finds that none of those rulings meets the *Slack* standard. The Court therefore declines to issue a certificate of appealability for its resolution of any of Reed's claims.

## V. CONCLUSION

It is therefore ordered that the petition (ECF No. 5) is denied in its entirety.

It is further ordered that a certificate of appealability is denied.

It is further ordered that the Clerk enter judgment accordingly and close this case.

DATED THIS 21st day of November 2016.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE